**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14-CR-00234-JAR |
| ) | |
| DONALD SCHULZ, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Donald Schulz's pro se motion for compassionate release pursuant to the First Step Act. (Doc. 81). For the following reasons, the motion will be denied.

**I.  BACKGROUND**

On October 15, 2014, Defendant pleaded guilty to one count of Possession with Intent to Distribute Methamphetamine (21 U.S.C. § 841 (a)(1) and (b)(1)(C)) and two counts of Felon in Possession of a Firearm (18 U.S.C. §§ 922(g) and 924(a)(2)).  On January 15, 2015, Defendant was sentenced to 180 months in prison on each count, to be served concurrently, followed by three years of supervised release.  In light of *Johnson v. United States*, 576 U.S. 591 (2015), on February 14, 2019, Defendant was re-sentenced to 156 months on the possession charge and 120 months on each firearm charge, all to be served concurrently, and again followed by three years of supervised release.  Defendant is currently incarcerated at FCI Ray Brook in New York, with a projected release date of November 20, 2025. He is 53 years old.

On June 13, 2022, Defendant filed a pro se motion for compassionate release (Doc. 81) stating that (1) he suffers from hypertension and "long COVID" (e.g., digestive issues,

1

musculoskeletal pain, labored breathing) and (2) prison conditions have become increasingly harsh and punitive since the pandemic, with overcrowding and fewer rehabilitative programs. On July 11, 2022, Defendant's counsel filed a notice of intent not to supplement Defendant's pro se motion. (Doc. 83).

## II. LEGAL STANDARDS

**First Step Act**

In 2018, Congress passed the First Step Act. Pub. L. No. 115-391, 132 Stat. 5194 (2018). Before the enactment of the First Step Act, only the Director of the Bureau of Prisons (BOP) could move for compassionate release. Now, an incarcerated individual may bring his own motion for compassionate release if he has exhausted his administrative appeals or after the warden of his facility receives the request for compassionate release and does not respond within 30 days. Pub. L. No. 115-391, 132 Stat. 5194, § 603(b).

Aside from allowing defendants to bring their own motions, the First Step Act did not change the standards for compassionate release. *United States v. Vangh*, 990 F.3d 1138, 1140 (8th Cir. 2021). Relief is available where the proposed sentence reduction is supported by: (1) "extraordinary and compelling reasons," (2) applicable policy statements issued by the Sentencing Commission, and (3) the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A).

As to the first requirement, Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for a sentence reduction, including…a list of specific examples." 28 U.S.C. § 994(t). The Application Notes to U.S.S.G. § 1B1.13 identify "extraordinary and compelling reasons" to include the following: (A) the medical condition of the defendant, provided that it "substantially diminishes the ability of defendant to provide self-care within the environment of a correctional facility…;" (B) the

defendant's age (at least 65 years old); (C) family circumstances such as the death or incapacitation of the caregiver of the defendant's minor children; or (D) other reasons as determined by the Director of the BOP other than, or in combination with, the reasons described in subdivisions (A) through (C). U.S.S.G. § 1B1.13, Application Note 1.

The second requirement – that the reduction is consistent with Sentencing Commission policy – focuses on community safety. The Guidelines provide that compassionate release is only appropriate when the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).  Relevant factors to this consideration include the nature of the offense, the history and characteristics of the defendant, and the nature of the danger. *Id*. (incorporating the 18 U.S.C. § 3142(g) factors).

The third and final requirement for compassionate release focuses on the § 3553(a) factors. Those factors include, among other things, "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes  of the defendant." 18 U.S.C. §  3553(a).

A defendant who seeks compassionate release under 18 U.S.C. § 3582(c) bears the burden of establishing that such relief is warranted. *See, e.g., United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).  Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F.Supp.3d 784, 787 (W.D. Mo 2019).

### III. DISCUSSION

Attached to Defendant's motion is a letter from the Warden, dated May 28, 2021, denying Defendant's request for compassionate release or home confinement.  (Doc. 81-1 at 2).  The letter

notes that Defendant's health conditions were being managed with medication, and Defendant was not eligible for home confinement due to his history and confinement record. Later correspondence reflects a renewed request dated June 3, 2022. (Doc. 81-1 at 3). The Court accepts that Defendant has exhausted his administrative remedies. However, Defendant's claim must be denied because he has failed to establish an extraordinary and compelling reason to justify compassionate release.

### A. Extraordinary and compelling reasons

The Sentencing Commission's guidance provides that an inmate's medical condition can sometimes be sufficiently extraordinary and compelling under § 3582(c)(1)(A) to justify compassionate release. Alternatively, an inmate's serious medical condition "in combination with" additional factors may also justify compassionate release.

Defendant has failed to demonstrate that he is suffering from a "terminal illness" or a "serious physical or mental condition…that substantially diminishes the ability…to provide self-care…and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1. According to the Presentence Investigation Report (PSR), at the time of sentencing, Defendant was healthy and not taking any medication. (Doc. 52 at 20). The Warden's letter dated May 2021 indicates that Defendant's medical issues were being appropriately managed. BOP has made COVID-19 vaccines widely available to federal prisoners. At FCI Ray Brook, 652 inmates and 143 staff are fully vaccinated, and the facility is operating at the optimal Level 1.[1] Neither Defendant's age nor his minor medical ailments rise to a level qualifying for compassionate release.

---

[1]   BOP COVID-19 Statistics, https://www.bop.gov/coronavirus/covid19_statistics.html (last visited August 21, 2023).

And Defendant does not claim a basis for relief due to family circumstances. The PSR indicates that Defendant has three siblings and an adult daughter residing in Missouri. While Defendant's plan to reside with his brother and resume work as a laborer is commendable, his family circumstances do not render him eligible for compassionate release.

Put simply, Defendant fails to establish extraordinary and compelling circumstances.

### § 3553 Sentencing Factors

Finally, even if Defendant's circumstances were truly extraordinary and compelling, the sentencing factors set forth in § 3553(a) do not weigh in favor of his early release. Defendant's sentence of 156 months was below the guideline range of 168-210 months (Doc. 79). The Court continues to believe that Defendant's sentence is fair, just, and necessary to provide adequate punishment and deterrence.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Donald Schulz's pro se motion for compassionate release pursuant to the First Step Act is **DENIED**. (Doc. 81.)

Dated this 21st day of August 2023.

                                          *John A. Ross*
                                          JOHN A. ROSS
                                          UNITED STATES DISTRICT JUDGE